|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on July 1, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Shamsun N Helaly<br><br><br>Debtor(s) | Case No.: 18-24293 / KCF<br><br>Hearing Date:  06/26/2019<br><br>Judge: Kathryn C. Ferguson<br><br>Chapter: 13 |

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: July 1, 2019**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 05/15/2019, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$2,200.00 PAID TO DATE

$319.00 for 49 months beginning 07/01/2019

**ORDERED** that the case is confirmed to pay 100% dividend to general unsecured creditors.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Debtor(s) shall obtain a loan modification with The Bank of New York Mellon c/o Bayview Loan Servicing outside the Chapter 13 Plan.

The Bank of New York Mellon c/o Bayview Loan Servicing, court claim #5-1, will be paid outside of the Chapter 13 Plan. The Trustee will not make any payments to The Bank of New York Mellon c/o Bayview Loan Servicing, court claim #5-1, through the Chapter 13 Plan.

The Bank of New York Mellon c/o Bayview Loan Servicing is free to seek stay relief outside the Chapter

United States Bankruptcy Court
District of New Jersey

In re:
Shamsun N Helaly
    Debtor

Case No. 18-24293-MBK
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1     Date Rcvd: Jul 02, 2019
                          Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2019.
db         +Shamsun N Helaly,    86 Wild Azalea Lane,    Skillman, NJ 08558-2422

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                    TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2019                                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2019 at the address(es) listed below:
          Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo    docs@russotrustee.com
          Charles G. Wohlrab    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York,
           as Trustee (CWALT2004-14T2) cwohlrab@logs.com,    njbankruptcynotifications@logs.com
          Denise E. Carlon    on behalf of Creditor    Bayview Loan Servicing, LLC as servicer for The Bank
           of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWalt, INC.,
           Alternative Loan Trust 2004-14T2, Mortgage Pass-T dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Kevin Gordon McDonald    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New
           York, as Trustee (CWALT2004-14T2) kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
          Robert C. Nisenson    on behalf of Debtor Shamsun N Helaly rnisenson@aol.com,
           nisensonlaw@aol.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                              TOTAL: 7