| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with<br>D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for New Rez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon FKA The Bank of New York as Trustee For The Certificateholders of CWALT, Inc., Alternative Loan Trust 2004-14T2, Mortgage Pass-Through Certificates, Series 2004-14T2* | Order Filed on April 28, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Shamsun N. Helaly<br><br>                                      Debtor. | Chapter 13<br><br>Case No. 18-24293-MBK<br><br>Judge Michael B. Kaplan |

**CONSENT ORDER VACATING AUTOMATIC STAY AND CO-DEBTOR STAY**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: April 28, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor: Shamsun N. Helaly
Case No.: 18-24293-MBK
Caption of Order: **CONSENT ORDER VACATING AUTOMATIC STAY AND CO-DEBTOR STAY**

THIS MATTER having been opened to the Court upon the Certification of Default ("Motion") filed by New Rez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon FKA The Bank of New York as Trustee For The Certificateholders of CWALT, Inc., Alternative Loan Trust 2004-14T2, Mortgage Pass-Through Certificates, Series 2004-14T2 ("Creditor"), and whereas the Debtor and Creditor seek to resolve the Motion, it is hereby **ORDERED**:

1. The automatic stay provided under 11 U.S.C. §362(a) and co-debtor stay under 11 U.S.C. §1301 are terminated as to Movant's interest in the following property: **86 Wild Azalea Lane, Montgomery Twp, NJ 08512** ("property") Creditor is permitted to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue its rights.

2. Creditor, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

3. Nothing herein is intended to prohibit the parties from seeking retention or non-retention options, including the sale of the property, outside of the instant bankruptcy case.

**STIPULATED AND AGREED**:

| | |
|---|---|
| */s/ Robert C. Nisenson* | */s/Gavin N. Stewart, Esq.* |
| Robert C. Nisenson, Esq. | Gavin N. Stewart, Esq. |
| Robert C. Nisenson, LLC | Stewart Legal Group, P.L. |
| 10 Auer Court, Suite E | 401 East Jackson Street, Suite 2340 |
| East Brunswick, NJ 08816 | Tampa, FL 33602 |
| *Counsel to Debtor* | *Counsel to Creditor* |